UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDD EVANS BALLARD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No.       1:23-cv-00216-DCN<br>Criminal No.   1:21-cr-00207-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Petitioner Judd Evans Ballard's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1), and his concurrent pro se Motion to Appoint Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Dkt. 2) (jointly, the "Motions"). The Government opposed the Motions (Dkt. 5), and Ballard replied (Dkt. 6). Having reviewed the briefing and the record in this action, the Court enters the following Order DENYING the Motions.

## II. BACKGROUND

In May 2021, the Idaho Internet Crimes Against Children Task Force ("ICAC") received information from the National Center for Missing and Exploited Children indicating that Ballard had uploaded child pornography to his Yahoo accounts. After communicating with T-Mobile, the ICAC learned that Ballard was using an LG Q7 Plus cellular phone (the "Phone") to access the child pornography. Subsequently, ICAC obtained a search warrant for Ballard's residence, vehicle, and person, and to seize and

search Ballard's electronic devices. The warrant authorized law enforcement officers to press any of Ballard's fingers to the fingerprint reader on any LG Q7 Plus found during the execution of the warrant to unlock the phone.

In August 2021, ICAC executed the search warrant and located the Phone in Ballard's bedroom under a dresser. While at the scene, a law enforcement officer pressed Ballard's finger on the Phone to open it. A forensic examiner with ICAC subsequently attempted to extract data from the Phone, however, he was unsuccessful. Instead, the examiner performed a preview of the device and found that it contained numerous files of child pornography. The examiner then took the Phone from the Ballard's residence to the ICAC office. While there, the examiner inadvertently locked the Phone.

In the days following the execution of the search warrant, Ballard was arrested, indicted, and charged with one count of possession of child pornography.

The Phone was subsequently transferred to the U.S. Secret Service, which used an advanced passcode-breaking tool to regain access to the Phone and extract its data. The extracted data included over 1,000 files of child pornography and chats between Ballard and other individuals exchanging child pornography. As a result, the Government filed a Superseding Information, charging Ballard with distribution of child pornography.

Ballard subsequently entered into a plea agreement with the Government. Pursuant to the agreement, Ballard agreed to plead guilty to the distribution charge and waive his right to appeal in exchange for a recommendation by the Government that he receive a sentence of 235 months—which falls on the low end of the guideline range. Ballard was subsequently sentenced to 235 months.

MEMORANDUM DECISION AND ORDER - 2

Ballard now brings the Motions, alleging his counsel was ineffective for: (1) failing to file a motion to suppress evidence obtained from the Phone because the compelled use of his biometric data to open the Phone violates his privilege against self-incrimination; and (2) failing to file a timely notice of appeal. The matter is now ripe for review.

### III. LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

Title 28 U.S.C. section 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a section 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). A court may dismiss a section 2255 motion at other stages of the proceeding, such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes Following Rule 8 of the Rules Governing Section 2254

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 and Rules Governing Section 2255 Proceedings. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

### B. Ineffective Assistance of Counsel

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under section 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a § 2255 movant must meet the widely known two-part test: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

To establish deficient performance, the movant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the movant must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, a movant must make a showing sufficient to undermine a court's confidence in the outcome. *Id.*

Informed, strategic choices by counsel are "virtually unchallengeable." *Id.* at 689–90. Courts approach strategic choices with high levels of deference because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," and the court must "eliminate the distorting effects of hindsight." *Id.*

A claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

### C. The Fifth Amendment

The Fifth Amendment prevents the Government from compelling a person to be a witness against himself. To qualify for the Fifth Amendment privilege, a communication must be: (1) testimonial, (2) incriminating, and (3) compelled. *See Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 189 (2004). Witnesses provide testimony, so that is the forbidden compulsion: the Government cannot force someone to provide a communication that is "testimonial" in character. *United States v. Hubbell*, 530 U.S. 27, 34 (2000). The Supreme Court has repeatedly distinguished between compelling a communication versus compelling a person to do something that, in turn, displays a physical characteristic that might be incriminating. *Id.* at 35.

### D. Appointment of Counsel

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and not further."). Instead, the decision whether to appoint

MEMORANDUM DECISION AND ORDER - 5

counsel in post-conviction proceedings (including requests for compassionate release or for 2255 motions) rests within the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

## IV. ANALYSIS

### A. Claim One

The Court begins with Ballard's claim that his counsel was ineffective for failing to file a motion to suppress evidence obtained from the Phone. Ballard asserts that because he was compelled to provide his biometric input—a fingerprint—to unlock the Phone, his Fifth Amendment privilege against self-incrimination was violated. Ballard argues his counsel's failure to raise this argument was both objectively unreasonable and prejudicial. The Court disagrees.

The proliferation and omnipresence of electronic devices in American life has raised serious Constitutional questions under the Fifth Amendment. The Court acknowledges that district courts around the country have not resolved such questions in a consistent way. *Compare Matter of Search of [Redacted] Washington, D.C.*, 317 F. Supp. 3d 523, 539 (D.D.C. 2018) (finding that the forced application of a fingerprint to unlock a device was not testimonial for Fifth Amendment purposes); *Matter of Search Warrant Application for cellular telephone in United States v. Barrera*, 415 F. Supp. 3d 832, 842 (N.D. Ill. 2019) (stating that the information provided by a biometric unlocking process "is not of testimonial significance") *with In re Search of a Residence in Oakland, California*, 2019 WL 6716356 (N.D. Cal. Dec. 10, 2019) (finding that the compelled production of biometric data was testimonial for Fifth Amendment purposes); *In re*

*Application for a Search Warrant*, 236 F. Supp. 3d 1066, 1073–74 (N.D. Ill. 2017) (holding the same with respect to the compelled production of a fingerprint). Further, federal appellate courts have yet to take up the issue.

Given these district-court discrepancies, had the question raised by Ballard—whether the compelled application of a finger to unlock an electronic device constitutes a testimonial communication—been one of first impression in the District of Idaho, his counsel's failure to raise the issue would perhaps be more concerning to the Court.[1] However, as Ballard himself notes (Dkt. 2, at 3), that question has been settled in the District of Idaho. Specifically, in *Matter of White Google Pixel 3 XL Cellphone in a Black Incipio Case*, the Court held that the pressing of a finger to an electronic device is simply a seizure of a physical characteristic—the kind of seizure expressly authorized under *Hubbell*. 398 F. Supp. 3d 785, 793 (D. Idaho 2019). The compelled pressing of a finger does not engage the thought process of the subject, nor is it communicative. *Id.* Accordingly, the compelled use of a fingerprint does not violate the Fifth Amendment privilege against self-incrimination.[2]

Thus, Ballard would have the Court find that it was objectively unreasonable for his counsel to decline to raise an argument that the Court had already clearly foreclosed. While

---

[1] The Court emphasizes here that it is *not* saying that under this hypothetical set of facts it would find for Ballard. Rather, it simply states that these facts would be more favorable to Ballard's claim.

[2] While other district courts in the Ninth Circuit have decided the question differently, nationally the Court's position is far from an "outlier," as asserted by Ballard. Dkt. 6, at 6. In addition to the cases already referenced, a number of other district courts have resolved the issue in the same way as has this Court. *See United States v. Eldarir*, 2023 WL 4373551 (E.D.N.Y. July 6, 2023); *In re Search Warrant No. 5165*, 470 F. Supp. 3d 715, 729–35 (E.D. Ky. 2020); *Matter of Search Warrant Application for cellular telephone in United States v. Barrera*, 415 F. Supp. 3d 832 (N.D. Ill. 2019).

MEMORANDUM DECISION AND ORDER - 7

raising such an argument would not be prohibited (*see* Fed. R. Civ. P. 11(b)(2)), it is certainly not unreasonable for a defense attorney to focus his or her efforts elsewhere. Therefore, Ballard's first claim fails under the deficient performance prong.

Further, even if the Court had suppressed evidence obtained through the compelled use of Ballard's fingerprint, the outcome of the case would not have been different. After investigators used Ballard's finger to unlock the Phone, the Phone was inadvertently relocked. Investigators then had to re-open the Phone through use of a Secret Service passcode breaking tool. It was this second unlocking that revealed grounds for Ballard's distribution charge—the charge to which he ultimately pleaded guilty. Thus, suppression of the evidence obtained after the first unlocking would have made no difference to Ballard's sentence. Accordingly, Ballard's first claim also fails under the prejudicial-effect prong.

**B. Claim Two**

The Court turns next to Ballard's argument that his counsel was ineffective for failing to file a timely notice of appeal. In *Roe v. Flores-Ortega*, 528 U.S. 470, 473 (2000), the Supreme Court established the "proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal."

First, the Supreme Court applied the two-part *Strickland* test discussed above. *Id.* at 476–77. Next, it asserted that, in the absence of explicit direction from the defendant, a counselor's behavior is deficient under the first prong if he or she fails to file a notice of appeal when "(1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. When addressing

these questions, a defendant's guilty plea is "highly relevant," as are whether a defendant "received the sentence bargained for . . . and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Under the prejudicial effect prong, a counselor's failure to timely file an appeal notice is prejudicial if a defendant can show "nonfrivolous grounds for appeal or that [he or she] promptly expressed a desire to appeal." *Id.* at 485; *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005).

Here, Ballard does not assert that he explicitly instructed his counsel to appeal. Further, it is uncontested that Ballard pleaded guilty, that he received exactly the sentence he bargained for, and that he waived all appeal rights. Thus, Ballard cannot establish any nonfrivolous grounds for an appeal. His argument therefore fails under the deficiency prong of the *Strickland* test. Ballard's argument also fails under the prejudicial-effect prong because he does not assert that he expressed any desire to appeal.

Finally, Ballard requests that the Court hold an evidentiary hearing on his claims to expand the record. Dkt. 6, at 6. However, "where the files and records conclusively show that the movant is not entitled to relief," a hearing is not required. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998), *as amended* (Sept. 4, 1998). Here, the files and records conclusively show that Ballard did not receive ineffective assistance of counsel on either of his claims. The Court therefore declines to hold an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under section 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Ballard claims he has proven that "some jurists would grant" his Motions under section 2255. Dkt 6, at 6. He likely makes this assertion because other district courts have found that the compelled use of biometric data implicates the Fifth Amendment. However, the constitutional claim addressed in this order is *not* whether reasonable jurists would find that the compelled use of Ballard's finger to unlock the Phone violated the Fifth Amendment. Instead, Ballard's claim here is that he received ineffective assistance of counsel. Therefore, the question the Court must answer is whether reasonable jurists would find that it was objectively unreasonable and prejudicial for Ballard's counsel to (1) fail to raise the biometrics issue in the criminal proceeding and (2) fail to file a timely notice of appeal.

Having reviewed the record, the Court finds that no reasonable jurist would dispute that the actions of Ballard's counsel fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The biometrics issue is an interesting one. But failing to raise an issue before a court that has already affirmatively resolved it against a client's position is decidedly not unreasonable nor prejudicial. Nor was failing to file a notice of appeal when Ballard had expressly waived that right. The Court therefore denies the COA.

If Ballard wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the Ninth Circuit in accordance with Federal Rule of

Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)[.]").

## VI. CONCLUSION

For the reasons stated above, the Court finds no reason to set aside Ballard's conviction or sentence, or to conduct an evidentiary hearing on the same. Accordingly, he has no need for appointed counsel. Thus, the Motions are both DENIED.

## VII. ORDER

The Court HEREBY ORDERS:

1. Ballard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED.

2. Ballard's Motion to Appoint Counsel (Dkt. 2) is DENIED.

DATED: December 14, 2023

_____
David C. Nye
Chief U.S. District Court Judge